# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DEBBIE MOORE,

    Plaintiff,

v.                                             Case No: 8:19-cv-95-T-36SPF

KIK INTERNATIONAL, LLC,

    Defendant.
_____/

## **O R D E R**

This cause comes before the Court upon Plaintiff's Unopposed Motion to Remand to State Court the Claim of F.S. Section 440.205 and Supporting Memorandum of Law (Doc. 26). On October 22, 2018, Plaintiff Debbie Moore filed a complaint in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, alleging violations of the Americans with Disabilities Act, violations of the Florida Civil Rights Act, and "wrongful discrimination in retaliation" under Fla. Stat. § 440.205. Doc. 1-1. Defendant KIK International, LLC removed the case to this Court on January 14, 2019 pursuant to 28 U.S.C. §§ 1331 and 1367. Doc. 1. In the Notice of Removal, Defendant alleged this Court has supplemental jurisdiction over Plaintiff's retaliation claim. *Id.* at ¶¶ 6-7. The parties proceeded to litigate in this Court, with Plaintiff filing an amended complaint on March 5, 2019. Doc. 13.

Plaintiff filed the instant amended motion on March 3, 2020. Doc. 26. In the motion, Plaintiff alleges that pursuant to 28 U.S.C. § 1445(c), Plaintiff's retaliation claim should not have been removed to this Court. *Id.* at ¶ 6.

Pursuant to 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United

States." *See also Reed v. Heil Co.*, 206 F.3d 1055, 1058 (11th Cir. 2000) ("A few actions, however, cannot be removed from state to federal court. Specifically, 28 U.S.C. § 1445(c) bars the removal of claims from state court 'arising under the workmen's compensation laws' of the forum state."). Moreover, 28 U.S.C. § 1441(c)(1)-(2) provides that if a civil action includes "a claim that has been made nonremovable by statute," a district court, upon removal, "shall sever from the action all [non-removable claims] and shall remand the severed claims to the State court from which the action was removed." *See also Frazier-White v. Gee*, No. 8:13-CV-1854-T-36TBM, 2015 WL 1648551, at *14 (M.D. Fla. Apr. 14, 2015) (severing and remanding retaliation claim under Florida workers' compensation statute), *aff'd*, 818 F.3d 1249 (11th Cir. 2016); *Shaw v. Ring Power Corp.*, 917 F. Supp. 2d 1221, 1224 (N.D. Fla. 2013) ("Congress now has said that, going forward, a district court 'shall' remand a claim made nonremovable by statute.").

Count III of Plaintiff's Amended Complaint is a claim for retaliation pursuant to Fla. Stat. § 440.205, Florida's workers' compensation law. Because the claim arises under a workmen's compensation law of a state, the Court must sever the claim and remand it to state court. Accordingly, it is

**ORDERED AND ADJUDGED**:

1. Plaintiff's Unopposed Motion to Remand to State Court the Claim of F.S. Section 440.205 (Doc. 26) is **GRANTED**.

2. Because the Court has no jurisdiction over this state law claim, Count III of the Amended Complaint (Doc. 13), only, is **SEVERED** and **REMANDED** to the Tenth Judicial Circuit in and for Polk County, Florida.

3. The Clerk is directed to send a certified copy of this Order to the Clerk of the Court for the Tenth Judicial Circuit in and for Polk County, Florida.

**DONE AND ORDERED** in Tampa, Florida on March 5, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD AND PARTIES